IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBRA LYNN ARNOLD,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

No. 2:12-cv-1936 KJN

<u>ORDER</u>

/

      On July 24, 2012, plaintiff Debra Lynn Arnold, proceeding without counsel, commenced this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). (Dkt. No. 1.) On July 27, 2012, the court granted plaintiff's request to proceed in forma pauperis and directed service upon the Commissioner by the U.S. Marshal. (Dkt. No. 3.) The court also issued a scheduling order, which set various deadlines in the case. (Dkt. No. 4.) In particular, the scheduling order required plaintiff to file a motion for summary judgment and/or remand within 45 days from being served with a copy of the administrative record. (Dkt. No. 4 at 2.) The court also ordered the parties to complete and file the "Consent to Assignment or Request for Reassignment" form within 90 days, indicating whether the parties consent to the jurisdiction of a magistrate judge to conduct all proceedings and enter judgment in

1

1  the case. (Dkt. No. 4-1.) The court's July 27, 2012 scheduling order expressly stated that failure
2  to adhere to scheduling deadlines "may result in sanctions, including dismissal. L.R. 110.
3  Plaintiff has an affirmative duty to prosecute this action, and failure to do so may result in a
4  dismissal for lack of prosecution. Fed. R. Civ. P. 41(b). Requests to modify this order must be
5  made by written motion." (Dkt. No. 4 at 3-4.)

6   Subsequently, on January 14, 2013, the Commissioner filed an answer and lodged
7  the administrative record. (Dkt. Nos. 9, 10.) The Commissioner's proof of service indicated that
8  copies of these filings were served on plaintiff via mail at her address of record. (Dkt. No. 10-
9  15.) After plaintiff failed to file a motion for summary judgment and/or remand, and failed to
10 complete and file the "Consent to Assignment or Request for Reassignment" form in accordance
11 with the court's orders, the court issued an order to show cause ("OSC") on April 3, 2013. (Dkt.
12 No. 11.) The OSC required plaintiff to explain these failures and show cause why her case
13 should not be dismissed. (Id.)

14   Thereafter, on April 30, 2013, plaintiff filed a timely response to the OSC. (Dkt.
15 No. 12.) In her response, plaintiff indicated that although she was served with an administrative
16 record, it was the wrong record, because it pertained to a different case, namely "Sabrina Ivory
17 Case 2:12-CV-00991-AC." (Dkt. No. 12 at 2.) It appears that the correct administrative record
18 was lodged with the court. (Dkt. No. 10.) However, the court's docket in the other case
19 referenced by plaintiff (Sabrina Ivory v. Commissioner of Social Security, 2:12-cv-991-AC, Dkt.
20 Nos. 13, 14) shows that an administrative record was also lodged in that case on January 14,
21 2013, the same day that the administrative record in this case was lodged with the court and
22 served by mail on plaintiff. (Dkt. No. 10.) It is thus plausible that the incorrect administrative
23 transcript was inadvertently mailed to plaintiff. For this reason, the court finds it appropriate to
24 discharge the order to show cause and require the Commissioner to promptly re-serve plaintiff
25 with the correct administrative record within seven (7) days of this order.
26 ////

After plaintiff is served with the correct administrative record, the case shall generally proceed as outlined in the court's original July 27, 2012, scheduling order, as modified by this order. (See Dkt. No. 4.) Within 45 days from being served with a copy of the correct administrative record, plaintiff shall either:

(a) File a motion for summary judgment and/or remand, outlining all her arguments, based on the *evidence in the administrative record*, why the Commissioner's decision to deny benefits was erroneous or not supported by substantial evidence in the record as a whole;

OR

(b) If plaintiff has *new evidence outside the administrative record*, plaintiff may submit copies of the new evidence with a written request for voluntary remand to the Commissioner's counsel, Donna Wade Anderson, Social Security Administration, Office of the General Counsel, 160 Spear Street, Suite 800, San Francisco, CA 94105-1545. Plaintiff shall also file a copy of the request for voluntary remand with the court, *but shall not file copies of the new evidence itself with the court*. Within 30 days from the date of service with the request for voluntary remand and new evidence, the Commissioner shall notify plaintiff and the court whether or not the case will be voluntarily remanded. If the Commissioner declines to voluntarily remand the case, plaintiff shall file a motion for summary judgment and/or remand with this court within 45 days from notification by the Commissioner that voluntary remand was declined.

The Commissioner's opposition to plaintiff's motion for summary judgment, if any, shall be filed within 30 days from service of plaintiff's motion. Plaintiff's reply brief, if any, shall be filed within 21 days from service of defendant's opposition. The court anticipates deciding the motions on the papers and will not schedule a hearing or oral argument, unless a party specifically requests oral argument or the court otherwise deems it necessary.

For specific requirements regarding what a motion for summary judgment brief should contain, the parties shall consult paragraph 6 of the court's initial July 27, 2012, scheduling order. (Dkt. No. 4.) However, the parties are advised that the scheduling deadlines

set in this order will trump any different or inconsistent deadlines set in the initial scheduling order.  Because this case has already been significantly delayed, *the parties shall strictly adhere to the above scheduling deadlines and are cautioned that the court will be disinclined to allow any further significant extensions of deadlines.*  Although the court has sympathy for the difficulties that a pro se litigant faces in prosecuting an action in federal court, and liberally construes a pro se litigant's pleadings, plaintiff will be required to follow the Federal Rules of Civil Procedure, the court's Local Rules, and the court's orders.  Failure to do so may result in the imposition of appropriate sanctions, including a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) or that a default judgment be entered, as applicable.

Additionally, the court notes that, along with her response to the OSC, plaintiff submitted certain documentary evidence and stated that she had requested more records from medical providers which she intends to submit.  (Dkt. No. 12.)  Plaintiff is cautioned that the court, in reviewing final decisions by the Commissioner, is generally constrained to review only evidence that appears in the administrative record.  Once plaintiff receives the correct administrative record, and if she determines that she has additional relevant and material evidence that does not appear in the administrative record, that evidence should be submitted to the Commissioner along with a written request for a voluntary remand, as discussed above, and not filed with the court.  Accordingly, the court will disregard the additional evidence submitted with plaintiff's response to the OSC.

Finally, the court observes that plaintiff's response to the OSC did not address the issue of whether or not plaintiff is willing to consent to the jurisdiction of a United States Magistrate Judge for all further proceedings, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c).  The Clerk is directed to promptly send plaintiff another copy of the "Consent to Assignment or Request for Reassignment" form, which plaintiff shall complete and file with the court within 30 days.

Accordingly, in light of the above, IT IS HEREBY ORDERED that:

1. The order to show cause (dkt. no. 11) is DISCHARGED.

2. Within seven (7) days of this order, the Commissioner shall serve plaintiff, by mail or other appropriate method, with the correct administrative record, and file a proof of service with the court.

3. Within 45 days of being served with a copy of the correct administrative record, plaintiff shall either:

(a) File a motion for summary judgment and/or remand, outlining all her arguments, based on the *evidence in the administrative record*, why the Commissioner's decision to deny benefits was erroneous or not supported by substantial evidence in the record as a whole;

OR

(b) If plaintiff has *new evidence outside the administrative record*, plaintiff may submit copies of the new evidence with a written request for voluntary remand to the Commissioner's counsel, Donna Wade Anderson, Social Security Administration, Office of the General Counsel, 160 Spear Street, Suite 800, San Francisco, CA 94105-1545.  Plaintiff shall also file a copy of the request for voluntary remand with the court, *but shall not file copies of the new evidence itself with the court*.  Within 30 days from the date of service with the request for voluntary remand and new evidence, the Commissioner shall notify plaintiff and the court whether or not the case will be voluntarily remanded.  If the Commissioner declines to voluntarily remand the case, plaintiff shall file a motion for summary judgment and/or remand with this court within 45 days from notification by the Commissioner that voluntary remand was declined.

4. The Commissioner's opposition to plaintiff's motion for summary judgment, if any, shall be filed within 30 days from service of plaintiff's motion.

5. Plaintiff's reply brief, if any, shall be filed within 21 days from service of defendant's opposition.

////

6. The evidence submitted along with plaintiff's reply to the OSC (dkt. no. 12) is DISREGARDED.

7. The Clerk of Court shall serve on plaintiff, along with this order, a copy of the initial July 27, 2012, scheduling order and a blank "Consent to Assignment or Request for Reassignment" form. Plaintiff shall file a completed copy of that form with the court within 30 days of this order.

8. Failure to abide by these deadlines, or failure to follow the Federal Rules of Civil Procedure, the court's Local Rules, or any court orders, may result in the imposition of appropriate sanctions, including dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b) or default judgment, as applicable.

IT IS SO ORDERED.

DATED: May 2, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE